**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **RUHUL AMIN BAPARY,** | **Civil Action No. 26-2388 (SDW)** |
| **Petitioner,** | |
| **v.** | **OPINION** |
| **LUIS SOTO, et al.,** | |
| **Respondents.** | |

**IT APPEARING THAT:**

1.      Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Ruhul Amin Bapary, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Delaney Hall Detention Facility in Newark, New Jersey. ("Delaney Hall").  (ECF No. 1).

2.      Petitioner is a citizen of Bangladesh.  (ECF No. 6 at 1).  He entered the United States on or about March 24, 2023 and was detained by Border Patrol shortly after his arrival.  (*Id.*) Border Patrol "determined that Petitioner had entered without a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document, in violation of 8 U.S.C. § 1182(a)(7)(A)(i)(I)."  (*Id.*)  Petitioner was ordered removed pursuant to 8 U.S.C. § 1225(b)(1) on March 27, 2023.  (ECF No. 6-3 at 2).

3.      Petitioner filed an application for asylum on April 27, 2023.  (ECF No. 6-1 at 3). He was granted interim parole set to expire on March 28, 2024.  (*Id.*)

4.      Petitioner was detained by ICE on March 3, 2026.  (ECF No. 1 ¶ 1).

5.      In his Petition, Petitioner alleges violations of his Fifth Amendment due process rights and the Administrative Procedure Act ("APA").  (*Id.* at 5-7).

6. Respondents filed an answer on March 13, 2026 arguing that Petitioner is properly detained pursuant to 8 U.S.C. § 1225(b)(1) because he is a noncitizen who "was apprehended at a port of entry or near the border, found to be inadmissible under § 1182(a)(7)(A), and did not express a fear of harm or persecution if returned to his home country. Petitioner, therefore, was issued an expedited order of removal and remains subject to mandatory detention." (ECF No. 6 at 2 (internal citation omitted)).

7. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

8. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process. Therefore, this Court has habeas jurisdiction over his claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

9. Section 1225(b)(1) governs "noncitizens who are arriving in the United States and are inadmissible must be screened and ordered removed without further hearing or review, unless they indicate an intention to apply for asylum." *A-J-R v. Rokosky*, No. 25-cv-17279, 2026 WL 25056, at *3 (D.N.J. Jan. 5, 2026) (footnote omitted). When Petitioner was interviewed on March 27, 2023, he indicated that he was not afraid of being returned to Bangladesh or being removed

2

from the United States.  (ECF No. 6-4 at 4).  Accordingly, Petitioner was ordered removed pursuant to 8 U.S.C. § 1225(b)(1) on March 27, 2023.  (ECF No. 6-3 at 2).[1]

10.    "An expedited removal order is final when it orders an alien deported, and the order is not subject to administrative review."  *Duyzings v. Warden, FCI Fort Dix*, No. 23-cv-21574, 2024 WL 1406647, at *3 (D.N.J. Apr. 2, 2024); *see also* 8 C.F.R. § 235.3(b)(2)(ii) (a noncitizen issued a notice and expedited order of removal under § 1225(b)(1) has "[n]o entitlement to hearings and appeals" before an immigration judge or the Board of Immigration Appeals).

11.    District courts, with limited exceptions, do not have "jurisdiction to review ... any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1)[.]"  8 U.S.C. § 1252(a)(2)(A)(i).  They "may only determine whether petitioner is a noncitizen, whether he was ordered removed pursuant to § 1225(b)(1), and whether he 'can prove by a preponderance of the evidence that the petitioner is' a noncitizen 'lawfully admitted for permanent residence, has been admitted as a refugee ... or has been granted asylum ... .'"  *Sangare v. Soto*, No. 26-cv-0758, 2026 WL 575374, at *1 (D.N.J. Mar. 2, 2026) (quoting 8 U.S.C. § 1252(e)(2)(A)-(C)); *see also Castro v. United States Dep't of Homeland Sec.*, 835 F.3d 422, 427 (3d Cir. 2016).

12.    This Court does not have jurisdiction to reach Petitioner's arguments that he was improperly detained pursuant to § 1225(b)(1).  "Now that there is an administratively final removal order, Petitioner's detention claims are not wholly collateral to the removal process; they are

---

[1] Petitioner relies on two of this Court's prior decisions for the proposition that § 1225(b) does not apply to him after he was paroled into the United States.  (ECF No. 7 at 2).  The cases cited by Petitioner are distinguishable because those noncitizens were placed into full removal proceedings pursuant to 8 U.S.C. § 1229(a) after receiving a finding of credible fear of persecution.  There were no expedited removal orders.  *See Usmonov v. Soto*, No. 26-cv-1108, 2026 WL 608771 (D.N.J. Mar. 4, 2026); *Chavez v. Bondi*, 26-cv-0790, 2026 WL 523226 (D.N.J. Feb. 25, 2026).

inextricably linked to it." *Sangare*, 2026 WL 575374, at *1 (cleaned up) (citing *Khalil v. President, United States*, 164 F.4th 259, 274 (3d Cir. 2026)); *see also Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 165 (3d Cir. 2018) (noting § 1252(e) stripped district courts of jurisdiction to consider whether an expedited order of removal "is being illegally applied" to noncitizens.)

13.    Therefore, this Court will dismiss the Petition and lift any restrictions that were imposed on his location.

14.    An appropriate order follows.

_____
Hon. Susan D. Wigenton,
United States District Judge
Dated: April 1, 2026

4